**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DESMOND HODGE,**

       **Plaintiff,**

**-vs-**                                                    **Case No. 6:09-cv-1059-Orl-19DAB**

**ORLANDO UTILITIES COMMISSION,
BAKER'S TRANSPORT SERVICE OF
LAKELAND, INC., DAVID POPE,**

       **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Count III of Complaint as to OUC for Failure to State a Claim and Motion to Strike Punitive Damages and Memorandum of Law in Support by Defendant Orlando Utilities Commission (Doc. No. 29, filed Sept. 1, 2009);

2. Response to Orlando Utilities Commission's Motion to Dismiss Count III of Complaint as to OUC and Motion to Strike Punitive Damages by Plaintiff Desmond Hodge (Doc. No. 33, filed Sept. 11, 2009);

3. Motion to Strike Plaintiff's Amended Complaint and Supporting Memorandum of Law by Defendant Orlando Utilities Commission (Doc. No. 34, filed Sept. 17, 2009);

4. Response to Orlando Utilities Commission's Motion to Strike Amended Complaint by Plaintiff Desmond Hodge (Doc. No. 36, filed Sept. 30, 2009); and

5. Motion to Amend Complaint and Substitute Party and Incorporated Memorandum of Law by Plaintiff Desmond Hodge (Doc. No. 38, filed Sept. 30, 2009).

Pursuant to the Case Management and Scheduling Order, if a party fails to file a memorandum in opposition within eleven (11) days after being served with a motion, "the Court routinely grants the motion as unopposed." (Doc. No. 32 at 5.) No party filed a memorandum in opposition to Plaintiff's Motion to Amend Complaint and Substitute Party. Therefore, the Motion to Amend Complaint and Substitute Party by Plaintiff Desmond Hodge (Doc. No. 38) is **GRANTED as unopposed**. The Court grants Plaintiff leave to file an Amended Complaint to add claims for punitive damages in Counts III and IV and to substitute Defendant Dedicated Transport, LLC for Defendant Baker's Transport, LLC.

Plaintiff prematurely filed such an Amended Complaint; however, the Court retrospectively grants leave to file it.[1] (Doc. No. 31.) Thus, the Court **DENIES as moot** the Motion to Strike Plaintiff's Amended Complaint (Doc. No. 34) and the Motion to Dismiss Count III of Complaint as to Orlando Utilities Commission for Failure to State a Claim and Motion to Strike Punitive Damages (Doc. No. 29) by Defendant Orlando Utilities Commission.

Defendant Orlando Utilities Commission has eleven (11) days from the date of this Order in which to file an Answer or a Motion to Dismiss Count III of the Amended Complaint. If a Motion to Dismiss is timely filed, Plaintiff Hodge shall have eleven (11) days from the date of service of the Motion in which to file a response. (Doc No. 32 at 5.)

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October 19, 2009.

---

[1] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff must seek leave of court or the opposing party's written consent before filing an amended complaint where a defendant previously filed a responsive pleading. Because Defendant Orlando Utilities Commission filed an Answer to the original Complaint before the Amended Complaint was filed (Doc. No. 28), Plaintiff Hodge should have obtained leave of Court or the written consent of Defendant Orlando Utilities Commission before filing the Amended Complaint. However, a Court may retrospectively grant leave to file a prematurely filed Amended Complaint. *See Weiss v. PPG Industries, Inc.*, 148 F.R.D. 289, 291 (M.D. Fla. 1993); 6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* 2d § 1485 (2009) ("Rule 15(a) does not set forth any specific procedure for obtaining leave to amend.").

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record