UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DESMOND HODGE,**

        **Plaintiff,**

-vs-                                          Case No. 6:09-cv-1059-Orl-19DAB

**ORLANDO UTILITIES COMMISSION,
DEDICATED TRANSPORT, LLC d/b/a
BAKER'S TRANSPORT SERVICE OF
LAKELAND, INC., DAVID POPE,**

        **Defendants.**

# ORDER

This case comes before the Court on the following:

1. Partial Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law by Defendant Dedicated Transport, LLC (Doc. No. 52, filed Nov. 16, 2009); and

2. Response to Dedicated Transport's Motion to Dismiss and Memorandum of Law by Plaintiff Desmond Hodge (Doc. No. 59, filed Dec. 1, 2009).

**Background**

**I. Plaintiff's Allegations**[1]

This cases concerns an employment dispute between an employee, Desmond Hodge ("Hodge"), his employer, Dedicated Transport, LLC, d/b/a Baker's Transport Service of Lakeland,

---

[1] The facts presented in this Order are derived from the allegations of the Amended Complaint. These facts are included only to provide context and should not be construed as findings of fact.

Inc. ("Dedicated Transport"), a contractor of Dedicated Transport, Orlando Utilities Commission ("OUC"), and a Safety Supervisor and employee of OUC, David Pope ("Pope").

On or about June 6, 2007, Defendant Dedicated Transport allegedly hired Plaintiff Hodge to drive a truck at Defendant OUC's facilities. (Doc. No. 31 ¶ 14, filed Sept. 4, 2009.) Plaintiff asserts that on July 25, 2007, Defendant Pope stopped Plaintiff while he was performing his job duties and accused him of driving his truck at an unsafe speed. (*Id.* ¶¶ 15-17.) Pope allegedly based this accusation on a small warning sign that he posted to alert truck drivers to reduce their speed in an area where another truck was unloading ammonia. (*Id.* ¶ 18-19.) Plaintiff Hodge maintains that he responded to Pope's accusation by telling Pope that the warning sign was not placed where he could see it. (*Id.* ¶ 20, 26.) Plaintiff asserts that Defendant Pope then called security to "throw" Plaintiff off OUC's premises, stated "all you blacks are alike," and made a knowingly false complaint to OUC management. (*Id.* ¶¶ 21-22, 25.) In the complaint to OUC management, Pope allegedly accused Plaintiff of knowingly driving too fast on the OUC site and failing to abide by Pope's warning sign. (*Id.* ¶ 25.) Plaintiff asserts that Pope made the false complaint out of racial animus or a desire to obtain revenge against Plaintiff Hodge for disputing Pope's accusations and for the purpose of causing Plaintiff to be terminated. (*Id.* ¶ 28.) Plaintiff also maintains that he was afforded no opportunity to explain his version of the events to OUC's security officers or management. (*Id.* ¶¶ 24, 30.)

Within one day of this incident, OUC supervisors and management notified Dedicated Transport that Plaintiff would no longer be allowed to work at OUC facilities. (*Id.* ¶ 31.) Plaintiff maintains that OUC based its decision to notify Dedicated Transport solely on Pope's false complaint to OUC management. (*Id.* ¶ 29.) Plaintiff further asserts that Dedicated Transport

terminated Plaintiff Hodge's employment because of Defendant Pope's complaint, even though Plaintiff explained to Dedicated Transport that Pope's complaint was untruthful and racially motivated. (*Id.* ¶¶ 39-40.) Plaintiff alleges that he "immediately contacted the [EEOC] and filed a complaint concerning OUC" and received notification from the EEOC that he had the right to sue "the Defendants." (*Id.* ¶¶ 36-37.)

**II. Procedural History**

Plaintiff Hodge initially filed a four-count complaint alleging (1) a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, by Defendants OUC and Baker's Transport Service of Lakeland, Inc. ("Baker's Transport") for racial discrimination in the workplace; (2) intentional interference with Plaintiff's employment contract with Baker's Transport in violation of 42 U.S.C. § 1981 by Defendants Baker's Transport and OUC; (3) tortious interference with Plaintiff's employment contract with Baker's Transport by Defendant OUC; and (4) tortious interference with Plaintiff's employment contract with Baker's Transport by Defendant Pope. (Doc. No. 1, filed June 19, 2009.) Defendant Pope moved to dismiss Count IV of the Complaint against him for failure to state a claim upon which relief could be granted. (Doc. No. 13, filed July 20, 2009.) The Court granted the motion and dismissed Count IV without prejudice. (Doc. No. 27, filed Aug. 28, 2009.) Thereafter, Defendant OUC filed an Answer and Affirmative Defenses to the Complaint and moved to dismiss Count III. (Doc. Nos. 28, 29, filed Sept. 1, 2009.)

Prior to filing a response to OUC's Motion to Dismiss Count III of the Original Complaint (Doc. No. 33, filed Sept. 11, 2009), Plaintiff Hodge filed an Amended Complaint asserting the same four causes of action as the initial Complaint. (Doc. No. 31, filed Sept. 4, 2009.) The Amended Complaint differed from the original Complaint in three respects: (1) Defendant Dedicated Transport

was substituted for Defendant Baker's Transport in each Count; (2) punitive damages were requested against Defendants OUC and Baker in Counts III and IV; and (3) additional facts were alleged in Count I that are incorporated into the remaining three Counts. (*Id.*) Plaintiff Hodge then moved to amend the Complaint. (Doc. No. 38, filed Sept. 30, 2009.) The Court granted this motion and allowed Plaintiff to retroactively amend the Complaint. (Doc. No. 42 at 2.)

Defendant Dedicated Transport filed a Partial Motion to Dismiss Plaintiffs' Amended Complaint, alleging that the Title VII claim against Dedicated Transport in Count I should be dismissed because (1) Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. 2000e-5(e)(1); and (2) Plaintiff failed to timely sue Dedicated Transport pursuant to 42 U.S.C. 2000e-5(f)(1). (Doc. No. 52 at 6-10.) Defendant Dedicated Transport also requests an award of attorneys' fees and costs associated with defending Plaintiff's Title VII claim because such claim was not supported by a reasonable inquiry into fact or law. (*Id.* at 11-12.) In support of its Motion to Dismiss, Dedicated Transport attached a copy of the EEOC Charge of Discrimination filed by Plaintiff against Dedicated Transport on March 2, 2009 (Agency Charge No. 510-2009-02366) ("2009 EEOC Charge") and a copy of the Notice of Right to Sue issued to Plaintiff on Agency Charge No. 510-2009-02366 ("2009 Right to Sue Letter"). (Doc. No. 52 at 14-15.) Plaintiff responded in opposition and attached to its response a copy of the EEOC Charge of Discrimination filed by Plaintiff against OUC on November 26, 2007 (Agency Charge No. 510-2007-05685) ("2007 EEOC Charge"). (Doc. No. 59.)

**Standard of Review**

**I. Motion to Dismiss**

When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). If other matters outside the pleadings are presented, the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Fed. R. Civ. P. 12(d). A document not attached to the Complaint, however, may be considered by the Court without converting the motion to dismiss into a motion for summary judgment if that document is (1) central to the plaintiff's claims and (2) undisputed, meaning that the authenticity of the document is not challenged. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).[2]

---

[2] This rule has been slightly modified by the Eleventh Circuit over the years. In *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364 (11th Cir. 1997), the Eleventh Circuit stated that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Id.* at 1369. Two years later, the panel in *Harris v. Ivax Corp.*, 182 F.3d 799 (11th Cir. 1999), cited *Brooks* for the proposition that "a document central to the complaint that the defense appends to its motion to dismiss is also properly considered, provided that its contents are not in dispute." *Id.* at 802 n.2 (citing *Brooks*, 116 F.3d at 1369). The rule stated in *Harris* abandoned the requirement from *Brooks* that the plaintiff refer to the documents in the complaint and added the requirement that the documents not be in dispute. Subsequent Eleventh Circuit panels have stated the rule as set forth in *Harris*. *E.g.*, *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

**Analysis**

## I. Documents Outside the Pleadings

The 2007 Charge of Discrimination, 2009 Charge of Discrimination, and 2009 Right to Sue Letter were not attached to the Amended Complaint. Thus, the Court may consider them on this motion to dismiss without converting the motion into a motion for summary judgment only if those documents are (1) central to the plaintiff's claim and (2) undisputed, meaning that the authenticity of the documents are not challenged. *Day*, 400 F.3d 1276. The EEOC Charges of Discrimination and Notices of Right to Sue are central to the alleged Title VII violation. *See, e.g.*, *Lambert v. Ala. Dept. of Youth Servs.*, 150 F. App'x 990, 991-92 (11th Cir. 2005) (considering an EEOC charge of discrimination attached to a motion to dismiss in affirming the dismissal of plaintiff's Title VII claims); *Brooks v. CSX Transp., Inc.*, No. 3:09-cv-379-J-32HTS, 2009 WL 3208708, at *5 n.6 (M.D. Fla. Sept. 29, 2009) (finding that an undisputed EEOC Charge of Discrimination was central to the plaintiff's claims of racial and age discrimination and thus was properly considered by the court on a motion to dismiss); *E.E.O.C. v. Stock Bldg. Co.*, No. 205CV306FTM29DNF, 2006 WL 462596, at *1 n.1 (M.D. Fla. Feb. 27, 2006) (considering a charge of discrimination attached to the motion to dismiss); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d 777, 782 (W.D. Pa. 2000) ("It is clear to us that . . . we may consider the EEOC charge and related EEOC documents, including the letter from the EEOC summarizing its investigation, the right to sue letter, and the intake questionnaire, either as undisputed documents referenced in the complaint or central to the plaintiff's claim, or as information which is a matter of public record, without converting this motion to one summary judgment."). In addition, no party disputes the authenticity of the 2007 EEOC Charge, 2009 EEOC Charge, or 2009 Right to Sue Letter. Therefore, the Court may consider the 2007 EEOC Charge,

2009 EEOC Charge, and 2009 Right to Sue Letter without converting the instant motion to dismiss into a motion for summary judgment.[3]

## II. Failure to Timely Sue Dedicated Transport

Defendant Dedicated Transport claims that Plaintiff's Title VII claim is time barred because Plaintiff did not file suit against Dedicated Transport within 90 days of receiving the 2009 Right to Sue Letter. (Doc. No. 52 at 7-10.) Plaintiff offers no argument in opposition.

In Title VII cases, a plaintiff must file suit no later than 90 days after receiving a notice of right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement." *Green v. Union Foundry, Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002) (citing *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982)). The 2009 Right to Sue Letter was mailed to Plaintiff on April 16, 2009 (Doc. No. 52 at 15), and Plaintiff timely filed the initial Complaint against Defendants Baker's Transport, OUC, and Pope on June 19, 2009. (Doc. No. 1, filed June 19, 2009.) Plaintiff replaced Baker's Transport with Dedicated Transport as a party-defendant in the Amended Complaint. (Doc. No. 31.) The Amended Complaint was filed on September 4, 2009, which was beyond the 90-day limitations period afforded by 42 U.S.C. § 2000e-5(f)(1). The question then is whether Rule 15(c) of the Federal Rules of Civil Procedure permits the Amended Complaint to "relate back" to the timely filed initial Complaint. *See Caldwell v. Martin Marietta Corp.*, 632 F.2d 1184, 1187 (5th Cir. 1980) (affirming the trial court's holding

---

[3] Alternatively, when considering a motion to dismiss, the Court may take judicial notice of the contents of relevant public records, which include EEOC Charges and Right to Sue Letters. *Brooks*, 2009 WL 3208708, at *5 n.6 (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999)); *Rogan v. Giant Eagle, Inc.*, 113 F. Supp. 2d at 782.

that a Title VII claim first asserted in an amended complaint related back to the filing date of the original complaint pursuant to Rule 15(c)).

All of the claims against Baker's Transport in the initial Complaint were asserted against Dedicated Transport in the Amended Complaint. (*See* Doc. Nos. 1, 31.) Pursuant to Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure, an amendment changing the party or name of a party against which a claim is asserted relates back to the original pleading if:

> Rule 15(c)(1)(B) is satisfied[4] and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C). Plaintiff has the burden of showing that these requirements are satisfied. *Green*, 281 F.3d at 1234. Defendant Dedicated Transport asserts that the second element is not satisfied because Plaintiff knew Dedicated Transport's identity at the time he filed the Initial Complaint, and thus there was no mistake concerning the proper party's identity. (Doc. No. 52 at 8-9.) Plaintiff offers no argument in opposition or to otherwise relate back the Amended Complaint to the filing date of the initial Complaint.

As a preliminary matter, any conduct satisfying the elements of Rule 15(c)(1)(C) must take place within the period of time provided in Rule 4(m), which is by default 120 days from the filing of the initial Complaint. *See Hill v. U.S. Postal Serv.*, 961 F.2d 153, 155 (11th Cir. 1992) (holding

---

[4] Rule 15(c)(1)(B) requires that "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading." This element is satisfied here because the Amended Complaint contained the same substantive claims as the initial Complaint. (*See* Doc. Nos. 1, 31.)

that a newly-added defendant must have received notice within the period of time allowed for service of process under Rule 4(m) of the Federal Rules of Civil Procedure, whether that was before or after the limitations period). The Amended Complaint was served on Dedicated Transport on October 26, 2009, more than 120 days after the initial Complaint was filed on June 19, 2009. (Doc. No. 47, filed Nov. 3, 2009.) For good cause shown, the Court must extend the 120-day period for service under Rule 4(m) for an appropriate period of time. Fed. R. Civ. P. 4(m). Plaintiff does not argue, and the Court does not find, that good cause exists.

Even in the absence of good cause, the Court must consider whether any other circumstances warrant an extension of time based on the facts of the case. *Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Such circumstances include whether the applicable statute of limitations would bar the refiled action and whether the defendant evaded service or concealed a defect in an attempted service. *Horenkamp v. Van Winkle & Co., Inc.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (citing Fed.R.Civ.P. 4(m), Advisory Committee Note, 1993 Amendments). After considering the applicable circumstances, the court may exercise its discretion and either dismiss the case or extend the 120-day period for service under Rule 4(m). *Lepone-Dempsey*, 476 F.3d at 1282.

One circumstance favoring an extension of time is present here, that is, where the applicable statute of limitations[5] potentially bars the plaintiff's claim.[6] *Horenkamp*, 402 F.3d at 1132-33. Although this Court may extend the 120-day period under Rule 4(m) for this reason, it is not

---

[5] The 90-day limitations period for filing a Title VII claim imposed by 42 U.S.C. § 2000e-5(f)(1) is a statute of limitations. *See Weldon v. Electronic Data Systems Corp.*, 138 F. App'x 136, 138 (11th Cir. 2005); *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1315 (11th Cir. 1990).

[6] There is no evidence that Dedicated Transport evaded service or concealed a defect in an attempted service.

appropriate to do so here. *See id.* at 1133 ("[T]he running of the statute of limitations does not require that a district court extend the time for service of process"); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run."); *see also Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 n.7 (3d Cir. 1995) (noting that extending the 120-day period under Rule 4(m) every time the statute of limitations has run would effectively eviscerate Rule 4(m) and defeat the purpose of the statute of limitations). There is no compelling reason to extend the time period under Rule 4(m) and sua sponte satisfy Plaintiff's burden of proof under *Green* where Plaintiff has offered no legal arguments or facts in an attempt to satisfy that burden of proof. *See Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (finding no abuse of discretion by the district court in declining to extend the time for service under Rule 4(m) even though the application of the statute of limitations would bar a refiled action where the plaintiff took no action in response to the defenses asserted in the defendant's answer and motions). Thus, the Court will not extend the 120-day period for service here, and service of the Amended Complaint on Dedicated Transport cannot satisfy either element of Rule 15(c)(1)(C) because it was served beyond the default 120-day period for service. The Court must look to other documents in the record to determine if the elements of Rule 15(c)(1)(C) were timely satisfied. *See Rowe v. Fla. School for the Deaf & Blind*, 176 F.R.D. 646, 649 (M.D. Fla. 1997) (noting that the elements of Rule 15(c)(1)(C) may be satisfied by any means within the applicable time period).

Dedicated Transport argues that the second element of Rule 15(c)(1)(C) was not satisfied because Plaintiff knew Dedicated Transport's identity at the time he filed the Initial Complaint. (Doc. No. 52 at 8-9.) "The purpose of Rule 15(c) is to permit amended complaints to relate back

to original filings . . . when the amended complaint is correcting a mistake about the identity of the defendant." *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998). Thus, an amended complaint cannot relate back to an initial complaint where the plaintiff knew the identity of the newly named party at the time the initial complaint was filed and deliberately chose not to sue that party in the initial complaint. *See id.* ("[E]ven the most liberal interpretation of 'mistake' cannot include a deliberate decision not to sue a party whose identity plaintiff knew from the outset.") (quoting *Wells v. HBO & Co.*, 813 F. Supp. 1561, 1567 (N.D. Ga. 1992)); *Powers*, 148 F.3d at 1227 (noting that Rule 15(c) deals with the problem of a misnamed defendant, not with a situation where the plaintiff was fully aware of the potential defendant's identity but not of its responsibility for the harm alleged); *Shea v. Esensten*, 208 F.3d 712, 720 (8th Cir. 2000) (holding that the plaintiff was not mistaken, and thus Rule 15(c) was not satisfied, where the plaintiff knew of the identity of the added party but not the organizational relationship between the parties at the time the initial complaint was filed).

Dedicated Transport correctly points out that the 2009 EEOC Charge, filed against Dedicated Transport on March 2, 2009, demonstrates Plaintiff's knowledge of Dedicated Transport's identity prior to the filing of the initial Complaint on June 19, 2009. (Doc. No. 1; Doc. No. 52 at 14.) The 2009 EEOC Complaint, however, does not indicate whether the failure to name Dedicated Transport as a party-defendant to the initial Complaint was deliberate or due to mistake. Therefore, the 2009 EEOC Complaint, standing alone, does not preclude the relation back of the Amended Complaint. However, as discussed below, the Court finds no other evidence in the record to support relating back the Amended Complaint.

Plaintiff's rationale for amending the Complaint does not support relating back the Amended Complaint. In his Motion to Amend the Complaint (Doc. No. 38, filed Sept. 30, 2009), Plaintiff stated that he "recently" learned that Dedicated Transport was a "proper party to this litigation":

> 4. After suit was filed in this case the former owner of Baker's Transport Service of Lakeland, Inc. called Plaintiff's counsel and stated that Baker's Transport Service of Lakeland, Inc. was purchased by Dedicated Transport, LLC in March 2007.
>
> 6. Until recently Plaintiff was not aware that the correct owner of Baker's Transport Service is Dedicated Transport, LLC. Dedicated Transport, LLC continues to do business as Baker's Transport Service and is the proper party to this litigation.

(*Id.* at 2.) Rule 15(c) "permits an amendment to relate back *only* where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where there is a lack of knowledge of the proper party." *Powers*, 148 F.3d at 1226-27 (internal quotations omitted) (emphasis in original). Therefore, Plaintiff's asserted lack of knowledge of Dedicated Transport's identity "until recently" before September 30, 2009,[7] by itself, does not support relating back the Amended Complaint to the filing date of the initial Complaint.

The 2009 Right to Sue Letter also does not support relating back the Amended Complaint. Because Dedicated Transport was mailed a copy of the 2009 Right to Sue Letter[8] and because Plaintiff did not sue Dedicated Transport within the 90-day limitations period stated in the 2009 Right to Sue Letter and imposed by 42 U.S.C. § 2000e-5(f)(1), Dedicated Transport could have

---

[7] Plaintiff's rationale for amending the Complaint raises a Rule 11 issue in light of the 2009 EEOC Charge against Dedicated Transport. That issue is discussed *infra* part III.

[8] The 2009 Right to Sue Letter was "issued on request" and mailed to Plaintiff. A carbon copy was mailed to Dedicated Transport. (Doc. No. 52 at 15.)

reasonably believed that Plaintiff's failure to timely sue was not caused by mistake of identity but was rather a strategic decision. *See Powers*, 148 F.3d at 1227 ("A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose - unless it is or should be apparent to that person that he is the beneficiary of a mere slip of the pen, as it were.") (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997)). In light of the foregoing and having received no evidence from Plaintiff to the contrary, it must be concluded that Plaintiff failed to carry his burden of showing that Dedicated Transport "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii); *Green*, 281 F.3d at 1234. Absent a legal basis for relating back the Amended Complaint, Plaintiff's Title VII claim against Defendant Dedicated Transport is time barred and must be dismissed.[9]

### III. Claim for Attorneys' Fees and Costs by Dedicated Transport

Dedicated Transport asserts in its Motion to Dismiss that it is entitled to attorney's fees and costs associated with defending Plaintiff's Title VII claim because the claim was not supported by a reasonable inquiry into fact or law as required by Rule 11 of the Federal Rules of Civil Procedure. (Doc. No. 52 at 11-12.) Plaintiff offers no argument in opposition.

The Court cannot construe Dedicated Transport's argument as a Rule 11 motion for sanctions because such a motion "must be made separately from any other motion," Fed. R. Civ. P. 11(c)(2), and Dedicated Transport's request for sanctions was not made in a separate motion. (Doc. No. 52

---

[9] Having dismissed the Title VII claim against Dedicated Transport for failure to timely file, it is unnecessary to discuss Dedicated Transport's claim that Plaintiff failed to exhaust his administrative remedies.

at 11-12.) However, the court may sua sponte order an attorney, law firm, or party to show cause why specific conduct has not violated Rule 11(b). Fed. R. Civ. P. 11(c)(3).

Pursuant to Rule 11(b), any individual who files a pleading, written motion, or other paper with the Court implicitly certifies that to the best of that person's knowledge after a reasonable inquiry:

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Plaintiff represented to the Court in his Motion to Amend Complaint[10] that he was not aware "until recently" before September 30, 2009, that Dedicated Transport, not Baker's Transport, was the proper party to the litigation. (Doc. No. 38 at 2.) Plaintiff, however, filed the 2009 EEOC Charge against Dedicated Transport on March 2, 2009, and was mailed the 2009 Right to Sue Letter on April 16, 2009. In addition, Plaintiff's counsel, "Webb, Wells & Williams, P.A. . . . Attn: Dennis Wells, Esq.," was referenced in the 2009 Right to Sue Letter. (Doc. No. 52 at 15.) Accordingly, Plaintiff and his counsel are directed to show cause in writing within eleven (11) days from the date of this Order why the representations made in Paragraphs 4 and 6 of Plaintiff's Motion to Amend Complaint (Doc. No. 38), in light of the 2009 EEOC Charge against Dedicated Transport filed nearly six months earlier, do not violate Rule 11(b)(2) and (3) and why sanctions should not be imposed for violating Rule 11. *See Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)

---

[10] Plaintiff improperly filed the Amended Complaint without leave of Court on September 4, 2009. (Doc. No. 31; *see also* Doc. No. 42 at 2 n.1, filed Oct. 20, 2009 (explaining why Plaintiff was required to seek leave before filing the Amended Complaint).)

(noting that Rule 11 sanctions may be imposed against both a party and against counsel under certain circumstances).

## Conclusion

Based on the foregoing, the Partial Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law by Defendant Dedicated Transport, LLC (Doc. No. 52) is **GRANTED in part** and **DENIED in part**. The claim of racial discrimination in violation of Title VII against Defendant Dedicated Transport in Count I is **DISMISSED with prejudice**. The Motion is **DENIED** in all other respects.

Plaintiff and his counsel are directed to show cause in writing within eleven (11) days from the date of this Order why the representations made in Paragraphs 4 and 6 of Plaintiff's Motion to Amend Complaint (Doc. No. 38) do not violate Rule 11(b)(2) and (3) and why Rule 11 sanctions should not be imposed. Defendants shall have ten (10) days thereafter to file a response. Failure to comply with this Order may result in dismissal of the case with prejudice and without further notice.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on December 15, 2009.

*[signature]*

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record