UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DESMOND HODGE,**

        **Plaintiff,**

-vs-                                  Case No. 6:09-cv-1059-Orl-19DAB

**ORLANDO UTILITIES COMMISSION,
DEDICATED TRANSPORT, LLC d/b/a
BAKER'S TRANSPORT SERVICE OF
LAKELAND, INC., DAVID POPE,**

        **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Order Directing Plaintiff Desmond Hodge to Show Cause (Doc. No. 65, filed Dec. 15, 2009);

2. Response to Order to Show Cause by Plaintiff Desmond Hodge (Doc. No. 66, filed Dec. 28, 2009); and

3. Reply to Plaintiff's Response to Order to Show Cause by Defendant Dedicated Transport, LLC. (Doc. No. 67, filed Jan. 6, 2010.)

## Background

This cases concerns an employment dispute between an employee, Desmond Hodge ("Hodge"), his employer, Dedicated Transport, LLC, d/b/a Baker's Transport Service of Lakeland, Inc. ("Dedicated Transport"), a contractor of Dedicated Transport, Orlando Utilities Commission ("OUC"), and a Safety Supervisor and employee of OUC, David Pope ("Pope").

Hodge initially filed a four-count complaint alleging: (1) a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, by OUC and Baker's Transport Service of Lakeland, Inc. ("Baker's Transport") for racial discrimination in the workplace; (2) intentional interference with Plaintiff's employment contract with Baker's Transport in violation of 42 U.S.C. § 1981 by OUC and Baker's Transport; (3) tortious interference with Plaintiff's employment contract with Baker's Transport by OUC; and (4) tortious interference with Plaintiff's employment contract with Baker's Transport by Pope. (Doc. No. 1, filed June 19, 2009.) Pope moved to dismiss Count IV of the Complaint against him for failure to state a claim upon which relief could be granted. (Doc. No. 13, filed July 20, 2009.) The Court granted the motion and dismissed Count IV without prejudice. (Doc. No. 27, filed Aug. 28, 2009.) Thereafter, OUC filed an Answer and Affirmative Defenses to the Complaint and moved to dismiss Count III. (Doc. Nos. 28, 29, filed Sept. 1, 2009.)

Prior to filing a response to OUC's Motion to Dismiss Count III of the Initial Complaint (Doc. No. 33, filed Sept. 11, 2009), Hodge filed an Amended Complaint asserting the same four causes of action as the initial Complaint. (Doc. No. 31, filed Sept. 4, 2009.) The Amended Complaint differed from the initial Complaint in three respects: (1) Dedicated Transport was substituted for Baker's Transport in each Count; (2) punitive damages were requested against OUC and Pope in Counts III and IV; and (3) additional facts were alleged in Count I that are incorporated into the remaining three Counts. (*Id.*) Hodge then moved to amend the Complaint. (Doc. No. 38, filed Sept. 30, 2009.) The Court granted this motion as unopposed and allowed Hodge to retroactively amend the Complaint. (Doc. No. 42 at 2, filed Oct. 19, 2009.)

On October 26, 2009, Dedicated Transport was served with a copy of the Amended Complaint. (Doc. No. 47, filed Nov. 3, 2009.) On November 16, 2009, Dedicated Transport filed

a Partial Motion to Dismiss Plaintiffs' Amended Complaint, alleging that the Title VII claim against it in Count I should be dismissed because (1) Plaintiff failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 2000e-5(e)(1); and (2) Plaintiff's lawsuit was untimely pursuant to 42 U.S.C. § 2000e-5(f)(1).  (Doc. No. 52 at 6-10.)  Dedicated Transport also requested an award of attorneys' fees and costs associated with defending Plaintiff's Title VII claim because such claim was not supported by a reasonable inquiry into fact or law.  (*Id.* at 11-12.)  In support of its Motion to Dismiss, Dedicated Transport attached a copy of the EEOC Charge of Discrimination filed by Plaintiff against Dedicated Transport on March 2, 2009 (Agency Charge No. 510-2009-02366) ("2009 EEOC Charge") and a copy of the Notice of Right to Sue issued to Plaintiff on Agency Charge No. 510-2009-02366 ("2009 Right to Sue Letter").  (Doc. No. 52 at 14-15.)  Plaintiff responded in opposition.  (Doc. No. 59.)

In its Order on Dedicated Transport's Motion to Dismiss, the Court observed that Plaintiff's counsel, "Webb, Wells & Williams, P.A. . . . Attn: Dennis Wells, Esq.," received a copy of the 2009 Right to Sue Letter on or about April 20, 2009.  (Doc. No. 52 at 15.)  In addition, the Court noted that Plaintiff stated in his Motion to Amend Complaint that:

> 4. After suit was filed in this case the former owner of [Baker's Transport] called Plaintiff's counsel and stated that [Baker's Transport] was purchased by [Dedicated Transport] in March 2007.
> . . .
> 6.  Until recently [before the filing of the instant Motion on September 30, 2009], Plaintiff was not aware that the correct owner of [Baker's Transport] is [Dedicated Transport]. . . .  Dedicated Transport . . . is the proper party to this litigation.

(Doc. No. 38 at 2.)  Accordingly, the Court ordered Plaintiff to show cause in writing why those representations to the Court did not violate Federal Rules of Civil Procedure 11(b)(2) and (3) and why Rule 11 sanctions should not be imposed.  (Doc. No. 65 at 16.)

Plaintiff's counsel, Dennis Wells, Esq., timely responded to the Order to Show Cause. (Doc. No. 66.) Wells maintains that the 2009 EEOC Charge was prepared by Yolanda Ramirez, a Federal Investigator with the Equal Employment Opportunity Commission, Miami District Office, and that it was notarized and submitted to the EEOC by Heather Williams, Wells' paralegal. (*Id.* ¶¶ 3, 6.) Wells allegedly does not recall ever reviewing the 2009 EEOC Charge. (*Id.* ¶ 6.) In addition, Wells maintains that he did not realize that Dedicated Transport was listed on the 2009 EEOC Charge until the Court's Order dated December 15, 2009. (*Id.* ¶ 4.)

Wells allegedly received the 2009 Right to Sue Letter but did not see the portion of the Letter showing that a copy was sent to Dedicated Transport. (*Id.* ¶ 6.) Wells asserts that he filed suit against Baker's Transport because he believed it to be Desmond Hodge's employer and a stand-alone company. (*Id.* ¶ 7.) In support of these beliefs, Wells cites a printout dated December 3, 2008, from the website of the Florida Department of State Division of Corporations ("Corporations Division") displaying the corporate information of Baker's Transport. (*Id.*; Doc. No. 66-3.) Wells notes that this printout does not show any direct ownership of Baker's Transport by Dedicated Transport.[1] (Doc. No. 66 ¶ 7.)

On July 6, 2009, Baker's Transport was served with a copy of the initial Complaint. (Doc. No. 14, filed July 21, 2009.) On July 13, 2009, Robert Baker, an officer of Baker's Transport, allegedly contacted Heather Williams and told her that Dedicated Transport had purchased Baker's Transport in March 2007. (Doc. No. 66 ¶ 8.) On July 21, 2009, Williams printed the corporate

---

[1] Wells also avers that Desmond Hodge's employment identification badge states that Baker's Transport Service is a division of Dedicated Transport, LLC. (Doc. No. 66 ¶ 5; Doc. No. 66-2 at 2.) Wells does not indicate when he first viewed Hodge's employment identification badge. However, both the badge and the 2009 EEOC Charge state that Baker's Transport is a division of Dedicated Transport. (Doc. No. 66-2 at 2; Doc. No. 67-2 at 3.)

information for Baker's Transport and Dedicated Transport displayed on the Corporations Division's website and an internet news article dated March 15, 2007, which stated that Dedicated Transport acquired Baker's Transport. (Doc. No. 66 ¶ 9; Doc. No. 66-4, 66-5, 66-6.)

Wells asserts that based on other cases involving parent companies that he was handling, "it is possible that our office may have questioned Dedicated Transport's status on July 21, 2009, and determined that Baker's Transport was still the proper party and [that] the parent corporation, Dedicated Transport, should not be named." (Doc. No. 66 ¶ 10.) Wells further maintains that he did not take action against Baker's Transport in August 2009 for failure to answer the initial Complaint because (1) it was not clear that Baker's Transport was intentionally refusing to answer the Complaint; and (2) Wells' attention was devoted to the other pending motions in this case. (*Id.* ¶ 12.) Wells represents that he realized that Dedicated Transport was the proper party in this case upon having a telephone conversation with Desmond Hodge on August 28, 2009. (*Id.* ¶ 13.) At all times prior to this conversation, Mr. Hodge allegedly maintained that Baker's Transport was the company that employed him. (*Id.* ¶ 16.)

Defendant Dedicated Transport filed a Reply to Plaintiff's Response to the Order to Show Cause. (Doc. No. 67.) Dedicated Transport maintains that Wells knew well prior to September 30, 2009, that Dedicated Transport was a proper party to this litigation because Yolanda Ramirez sent Wells a letter dated February 13, 2009 ("Ramirez Letter") in response to an inquiry made by Wells to the EEOC regarding Dedicated Transport. (Doc. No. 67 ¶¶ 7-9; Doc. No. 67-3 at 2-3.) In addition, Dedicated Transport moves the Court to impose Rule 11 sanctions against Dennis Wells for violating Rule 11(b)(2) and (b)(3) by filing legally and factually baseless claims in the Amended Complaint. (Doc. No. 67 at 4-6.)

## Standard of Review

**I. Rule 11 Sanctions**

Pursuant to Rule 11(b) of the Federal Rules of Civil Procedure:

By presenting to the court a pleading, written motion, or other paper, . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . .

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

In considering a motion for sanctions pursuant to Rule 11, a court generally conducts a two-step inquiry: (1) whether the party's claims are objectively frivolous in view of the facts or law; and (2) whether the person who signed the pleadings should have been aware that they were frivolous, in other words, whether he would have been aware had he made a reasonable inquiry. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001); *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996); *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 695 (11th Cir. 1995). A statement is frivolous if it obviously lacks merit, 2 Moore's Federal Practice § 11.11[5] (3d ed. 2009), and all doubts are resolved in favor of the signer. *Oliveri v. Thompson*, 803 F.2d 1265, 1275 (2d Cir. 1986). As to the second element, courts must "avoid using the wisdom of hindsight" and "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Donaldson v. Clark*, 819 F.2d 1551, 1556 (11th Cir. 1987).

Where, as in this case, a court initiates Rule 11 sanctions proceedings sua sponte, the party ordered to show cause is afforded no "safe harbor" opportunity to correct its conduct. *See* Fed. R. Civ. P. 11(c)(2). Accordingly, the court must apply "a higher standard . . . than in the case of party-initiated sanctions." *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). Specifically, sanctions cannot be imposed sua sponte unless counsel has engaged in conduct "akin to contempt." *Id.* The Eleventh Circuit in *Kaplan* adopted the "akin-to-contempt" standard without resolving the related issue of whether district courts must find subjective bad faith before imposing sanctions. *See Kaplan*, 331 F.3d at 1255 ("While we join those circuits in their 'akin-to-contempt' interpretation, three reasons excuse us from resolving the related 'mens rea' issue that split the *Pennie* panel."); *In re Pennie & Edmonds LLP*, 323 F.3d 86, 87 (2d Cir. 2003) (requiring a finding of subjective bad faith in order to impose sua sponte Rule 11 sanctions). There has been no further comment by the Eleventh Circuit on this point. The subjective bad faith standard will be discussed below. *See Bettis v. Toys R Us*, Nos. 06-80334-CIV, 08-60565-CIV, 06-20418-CIV, 09-60259-CIV, 2009 WL 5206192, at *8 (S.D. Fla. Dec. 30, 2009) (recognizing the unresolved mens rea issue and addressing for the benefit of any reviewing court whether the conduct at issue was taken in subjective bad faith).

**Analysis**

The Court ordered Plaintiff to show cause why sanctions should not be imposed for making the following statements in support of amending the Complaint in order to, *inter alia*, add Dedicated Transport as a party-defendant:

> 4. After suit was filed in this case the former owner of [Baker's Transport] called Plaintiff's counsel and stated that [Baker's Transport] was purchased by [Dedicated Transport] in March 2007.
> . . .

6. Until recently [before September 30, 2009], Plaintiff was not aware that the correct owner of [Baker's Transport] is [Dedicated Transport]. . . . [Dedicated Transport] is the proper party to this litigation.

(Doc. No. 38 at 2.) The parties do not dispute that the statement in Paragraph 4 is true, and the Court finds no facts to the contrary. Accordingly, sanctions should not be imposed for the statement in Paragraph 4, and the Court turns its attention to Paragraph 6.

**I. Whether the Statement Was Objectively Frivolous in Light of the Facts and Law**

Receiving a right to sue letter is a prerequisite to the filing of a Title VII lawsuit. *See* 42 U.S.C. § 2000e-5(f)(1) (2009) (requiring the plaintiff to file suit within ninety days of receiving the right to sue letter). On or about April 20, 2009, Dennis Wells received the 2009 Right to Sue Letter, which plainly states that a lawsuit must be filed against Dedicated Transport within 90 days. (*See* Doc. No. 66 ¶ 6; Doc. No. 52 at 15 ("Your lawsuit under Title VII . . . must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice, or your right to sue based on this charge will be lost.")). In addition, the same EEOC charge number is displayed on both the 2009 Right to Sue Letter and the 2009 EEOC Charge filed by Wells.[2] (Doc. No. 52 at 15; Doc. No. 67-2 at 2-3.) Taking an objective view of this evidence, it must be concluded that Dennis Wells knew that Dedicated Transport was a proper party-defendant upon receiving the 2009 Right to Sue Letter on or about April 20, 2009. Therefore, Dennis Wells' statement that he did not know Dedicated

---

[2] Wells asserts that Yolanda Ramirez, an investigator with the Miami District Office of the EEOC, filled out the 2009 EEOC Charge before it was signed by Desmond Hodge. (Doc. No. 66 ¶ 3.) However, even if Ramirez filled out the 2009 EEOC Charge, the parties do not cite, and the Court does not find, any authority that would limit Wells' responsibility for the 2009 EEOC Charge to the information that he personally wrote on the form. Rather, because Wells' paralegal submitted the 2009 EEOC Charge to the EEOC on behalf of Desmond Hodge, (Doc. No. 67-2 at 2; Doc. No. 67-3 at 2), Wells is presumed to have reviewed it and taken responsibility for it. *See* Fla. R. Prof. Conduct 4-5.3 (requiring an attorney to review and take responsibility for work delegated to paralegals and other non-lawyer assistants).

Transport to be the proper party to this lawsuit until recently before filing the Motion to the Amend Complaint on September 30, 2009, is objectively frivolous.

## II. Whether Dennis Wells Should Have Been Aware that His Statement Was Frivolous

Rule 11 "stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule." *Donaldson*, 819 F.2d at 1555. What constitutes a reasonable inquiry may depend on such factors as (1) how much time for investigation was available to the signer; (2) whether he had to rely on a client for information as to the facts underlying the pleading, motion, or other paper; (3) whether the pleading, motion, or other paper was based on a plausible view of the law; or (4) whether he depended on forwarding counsel or another member of the bar. *Id.* at 1556.

From the time he filed the 2009 EEOC Charge against Dedicated Transport and filed suit against Baker's Transport on behalf of Desmond Hodge, Dennis Wells had a continuing obligation to ensure that the proceedings before the EEOC and this Court had a reasonable basis in law and fact. *Baker v. Alderman*, 158 F.3d 516, 524 n.44 (11th Cir. 1998). However, it is unclear why Wells filed the 2009 EEOC Charge against Dedicated Transport on behalf of Desmond Hodge on or about March 2, 2009, after allegedly conducting an investigation on or about December 3, 2008, from which Wells concluded that Baker's Transport was a stand-alone entity and Hodge's employer. (Doc. No. 66 ¶ 7.) It is also unclear why, after receiving the 2009 Right to Sue Letter authorizing suit against Dedicated Transport on or about April 20, 2009, Wells named Baker's Transport, not Dedicated Transport, as a defendant in the initial Complaint filed on June 19, 2009. (Doc. No. 1; Doc. No. 52-15.) Only after the 90-day deadline had passed and Wells was contacted by representatives of Baker's Transport did Wells conduct an investigation to determine whether

Dedicated Transport was actually Desmond Hodge's employer and thus the proper defendant in Plaintiff's Title VII claim.[3] (Doc. No. 38 at 2; Doc. No. 66 ¶¶ 7-15.) Wells then moved the Court to Amend the Complaint and add Dedicated Transport as a party-defendant on the grounds that he recently learned that Dedicated Transport was actually Hodge's employer. (Doc. No. 38 at 2.) However, Wells did not provide in that Motion, and the Court does not now find,[4] any authority for the proposition that Plaintiff could lawfully add Dedicated Transport as a party-defendant to a Title VII claim after the 90-day deadline merely because his attorney recently discovered that Dedicated Transport was actually Plaintiff's employer. In light of the foregoing, it must be concluded that Dennis Wells failed to satisfy his duty to reasonably inquire into the facts and law in asserting that Plaintiff should be allowed to amend the Complaint because he recently determined that Dedicated Transport had purchased Baker's Transport.

### III. Whether Dennis Wells' Conduct Was "Akin to Contempt"

The Court should not impose sanctions against Dennis Wells unless his conduct was "akin to contempt" or taken in subjective bad faith. *Kaplan*, 331 F.3d at 1255-56; *In re Pennie & Edmonds LLP*, 323 F.3d at 87. Mere negligence or ignorance of the facts or law, without more, is not sufficient. *See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (noting that bad faith in an analogous context requires more than mere negligence); *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998) (noting that bad faith in an analogous context requires more than ignorance

---

[3] There is no evidence that Wells could not have investigated Dedicated Transport and determined prior to July 2009 that Dedicated Transport had purchased Baker's Transport in March 2007. (Doc. No. 66 ¶ 9; Doc. No. 66-6.)

[4] The Court did not address this issue in the Motion to Amend Complaint because that Motion was unopposed. (Doc. No. 42 at 2.) Dedicated Transport did not have an opportunity to oppose the Motion because the Court granted the Motion before Dedicated Transport was served with process. (*See* Doc. No. 42 at 2; Doc. No. 47.)

or negligence). On the other hand, making a knowingly false statement or exhibiting a deliberate indifference to obvious facts is akin to contempt and warrants sua sponte Rule 11 sanctions. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002) ("Sanctions are warranted [under Rule 11] when a party exhibits a deliberate indifference to obvious facts."); *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1329-30 (S.D. Fla. 2007) (citing *Riccard* and imposing Rule 11 sanctions sua sponte against counsel for making a knowingly false statement).

Dedicated Transport argues that in light of the Ramirez Letter, Dennis Wells must have actually known that Dedicated Transport was a proper party to this litigation prior to finding out that Dedicated Transport purchased Baker's Transport. (Doc. No. 67 ¶¶ 6-9; Doc. No. 67-3 at 2-3.) The Court, however, cannot draw the conclusion urged by Dedicated Transport because the Ramirez Letter, by itself, offers no evidence of what Wells actually knew about the relationship between Baker's Transport and Dedicated Transport. Rather, the Ramirez Letter merely indicates that Mr. Wells sent some correspondence to the EEOC regarding a Title VII claim against Dedicated Transport prior to February 13, 2009. (Doc. No. 67-3 at 2.) Although Wells should have known from the 2009 Right to Sue Letter that Dedicated Transport was a proper party to this litigation, *see supra* part I, Dedicated Transport does not offer, and the Court does not find, any evidence to discredit Wells' assertions that he did not see the 2009 EEOC Charge prior to December 15, 2009, or that he did not see that the 2009 Right to Sue Letter referenced Dedicated Transport. (Doc. No. 66 ¶¶ 4, 6.) The course of the litigation in this case comports with Wells' professed ignorance of the 2009 EEOC Charge and the 2009 Right to Sue Letter. *See, e.g.*, *supra* part II (noting that Wells filed suit against Baker's Transport, not Dedicated Transport, after receiving the 2009 Right to Sue Letter). Further, there is no evidence that Wells deliberately or willfully disregarded the 2009

EEOC Charge or the 2009 Right to Sue Letter. Finding no evidence that Wells' actual knowledge was contrary to his assertion that he did not consider Dedicated Transport to be a proper party to this litigation until he learned that Dedicated Transport had purchased Baker's Transport, the Court cannot conclude that Wells' actions were akin to contempt or taken in subjective bad faith. Therefore, the Court will not impose sua sponte Rule 11 sanctions.

**IV. Dedicated Transport's Motion for Sanctions**

In its Reply to Plaintiff's Response to the Order to Show Cause, Dedicated Transport has moved the Court to impose Rule 11 sanctions against Plaintiff and his counsel for filing the Amended Complaint without investigating whether the Title VII claim against Dedicated Transport was timely filed. (Doc. No. 67 at 4-6.) Such a motion "must be made separately from any other motion," Fed. R. Civ. P. 11(c)(2), and Dedicated Transport's motion for sanctions was not made in a separate motion. (Doc. No. 67 at 4-6.) Accordingly, Dedicated Transport's Motion for Sanctions against Plaintiff must be denied.[5]

---

[5] It appears that the same result would be reached if Dedicated Transport separately files this motion for sanctions in the future. The Advisory Committee on Civil Rules contemplated that party-initiated Rule 11 motions for sanctions would be deemed untimely if filed too late to permit correction or withdrawal pursuant to the "safe harbor" provision of Rule 11(c)(2):

> Ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely. . . . Given the "safe harbor" provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention).

Fed. R. Civ. P. 11, Advisory Committee's Note to 1993 Amendments; *see also In re Pennie & Edmonds LLP*, 323 F.3d at 89; *Barber v. Miller*, 146 F.3d 707, 710-11 (9th Cir. 1998); *Ridder v. City of Springfield*, 109 F.3d 288, 295-97 (6th Cir. 1997); *DeShiro v. Branch*, 183 F.R.D. 281, 287-88 (M.D. Fla. 1998). Because this Court has already dismissed with prejudice Plaintiff's Title VII claim against Dedicated Transport, (Doc. No. 65 at 16), Plaintiff would be unable to avail itself of the 21-day safe-harbor provision provided by Rule 11(c)(2). Therefore, any Motion for
(continued...)

## Conclusion

Based on the foregoing, it is hereby **ORDERED** and **ADJUDGED** that sanctions not be imposed for the statements made in Paragraphs 4 and 6 of the Motion to Amend Complaint. (Doc. No. 38.) The Motion for Sanctions by Dedicated Transport set forth in its Reply to Plaintiff's Response to the Order to Show Cause (Doc. No. 67 at 4-6) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 24, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

---

[5](...continued)
Sanctions against Plaintiff for bringing Title VII claims against Dedicated Transport would be denied as untimely.